

**U.S. Department of Justice**

*United States Attorney
District of Maryland*

*Daniel A. Loveland, Jr.*  *Suite 400*  *DIRECT: 410-209-4973*
*Assistant United States Attorney*  *36 S. Charles Street*  *MAIN: 410-209-4800*
*Daniel.Loveland2@usdoj.gov*  *Baltimore, MD 21201-3119*  *FAX: 410-962-3091*

November 4, 2020

**VIA ECF**

The Honorable Richard D. Bennett
United States District Judge
101 West Lombard Street
Baltimore, MD 21201

Re:   *United States v. Michael Wedington*, Criminal No. RDB-19-597

Dear Honorable Judge Bennett:

Michael Wedington is scheduled to be sentenced before Your Honor on November 19, 2020 at 3:00pm.  Michael Wedington's crimes were violent, dangerous, and incredibly traumatizing for the victims.  The guidelines range in this case is 151 to 188 months (32(III)).

The appropriate sentence in this case, accounting for all of the § 3553(a) factors, is in the middle of the guidelines:  **14 years (168 months) of incarceration followed by a 5 year term of supervised release**.

### I.     Offense Facts.

As detailed in the parties' plea agreement (ECF 26) and the Presentence Investigation Report (PSR), on June 8 and June 10 2019, Michael Wedington, along with co-conspirators who were not brought to justice, participated in two separate armed robberies and carjackings of two men who had been lured by Wedington through false postings for tool sales.  Both victims were terrorized and continue to experience trauma.  The first Victim, Victim 1, was kidnapped, driven around Baltimore City by Wedington and two accomplices in his own van, during which time Victim 1 had a gun shoved in his mouth and was forced to give up his PIN so that Wedington and his accomplices could steal money from Victim 1's bank account.  Victim 1 believed he was going to die during this time, and to this day, believes that he would have been killed had he not fled from the back of his own truck.

*First Robbery, Carjacking, and Kidnapping*

On June 8, 2019, Victim 1 was asked by a friend of his to buy some tools. Victim 1's friend had located the tools through the application "OfferUp." OfferUp is a phone and internet application that allows people to post advertisements of personal property for sale. Through the OfferUp application, the buyer can then directly contact the seller and arrange to buy the property. Though the OfferUp advertisement to which Victim 1 responded appeared to about the sale of tools, in actuality, the advertisement was created and posted by Wedington and his accomplices with the intent to lure a victim to a given location for an armed robbery and/or carjacking. Investigators were able to link the seller's OfferUp account in the name of "Brian" to Michael Wedington through Wedington's phone number and other information.

Victim 1 drove to the location his friend was given from the OfferUp "seller", "Brian", who was in actuality, Wedington. The location specified is about one block away from Michael Wedington's home. Upon arriving at the location, Victim 1 saw the tools displayed near a house. Three men, including Wedington and two accomplices, directed Victim 1 to park. The three men loaded the tools in Victim 1's van. Before Victim 1 could pay, however, one of Wedington's accomplices displayed a firearm and shoved Victim 1 into the rear of his own van. Wedington and his two accomplices got into the van and drove away, with Victim 1 still in the car. One of Wedington's accomplices placed a gun in Victim 1's mouth and went through Victim 1's pockets. When Wedington's accomplice retrieved Victim 1's debit card, he demanded the associated PIN from Victim 1. Victim 1 complied and gave the PIN. Wedington and his two accomplices then drove Victim 1 to an ATM and withdrew money from Victim 1's bank account using Victim 1's debit card and the PIN, which was obtained from Victim 1 at gunpoint. During this time, Wedington assisted by guarding Victim 1 in the van and handling property retrieved from Victim 1. Fortunately, Victim 1 ultimately escaped when the van slowed down at an intersection by fleeing from the rear of the van.

*Second Robbery and Carjacking*

Two days later, on June 10, 2019, Victim 2 responded to an advertisement placed on the OfferUp application for tools by the same seller "Brian". Victim 2 communicated with user "Brian," who directed Victim 2 to meet on the same block where Wedington lives, right near where the first carjacking took place two days earlier. Victim 2 arrived at the location where he was met by Wedington and one other accomplice. Wedington and his accomplice each displayed handguns, ordering

Victim 2 out of the vehicle. Wedington and his associate, acting together, took Victim 2's money, phones, and car keys, which they then used to steal the car.

On November 1, 2019, investigators executed a search warrant at Wedington's residence. Inside the home, agents recovered hundreds of rounds of ammunition, one handgun and several imitation firearms from Wedington's bedroom.

Agents obtained a search warrant for Wedington's cell phone, which revealed, among other things, that Wedington used the OfferUp application and the "Brian" account to communicate with Victim 1's friend and orchestrate the June 8, 2019 set up of the carjacking. Agents also found various photos and videos showing Wedington posing with or using firearms.

## II. The Impact on Victims.

During the course of preparing for trial, and in preparation for sentencing in this case, the government has had the opportunity to communicate with the victims.

To this day, about a year and a half after the crime, the victim, his wife, and his daughter live in "constant fear" and do not feel safe in their own home. Victim 1's daughter was unable to sleep for a time following the incident. Victim 1 continues to suffer from nightmares and flashbacks concerning the robbery, carjacking, and kidnapping he experienced. Victim 1 and his family are afraid to visit downtown Baltimore.

Victim 1 fears that his identity was compromised, as his identification, credit cards, and cell phone were stolen, and he fears reprisal from Wedington's co-conspirators, who were never brought to justice.

Victim 1 believes that had he not escaped the kidnapping and fled from the back of the van, he would have been killed. He asks the Court to consider the nature of the violent kidnapping and the fact that, in his words, had Wedington and his co-conspirators "been successful with his plan a family would have ended up without a husband and a father."

Both victims have been notified of the sentencing hearing and may choose to address the Court. The government does not anticipate calling any other witnesses at the sentencing hearing.

3

### III. Guidelines Computation.

The government agrees with the sentencing guidelines calculation set forth in the PSR. After accounting for acceptance of responsibility, Wedington has an offense score of 32, his criminal history score of 6 yields a criminal history category of III, and his sentencing guidelines range is 151 to 188 months. PSR ¶ 40, 59-51, 82.

### IV. Restitution.

The government is working diligently to gather all records that it can concerning the property that was stolen from the victims for restitution purposes. At this point, Victim 1 has provided an itemized loss of at least $1,655, including the costs of cash, stolen tools, and the cost of a replacement iPhone.

At the time of sentencing, the government will request a restitution order of at least $1,655.

### V. Forfeiture.

Pursuant to the plea agreement in this case, the government is seeking forfeiture of the below items of property. Items are grouped together based on their recovery:

- 1 Smith and Wesson, .38 special revolver bearing serial number 4D91665;
- 1 Hi-Standard Model B, .22 caliber handgun bearing serial number 7296;
- 2 Black Magazines containing a total of 16 rounds of .22 caliber ammunition;
- 4 .38 special rounds and 2 .38 special casings;
- 1 Daisey Powerline .177 caliber handgun/BB gun serial number 9D04355;
- 1 M4-177 .177 caliber rifle/BB gun serial number 514H02842;
- 6 additional rounds of unspecified ammunition;
- 2 digital scales;
- $650 of U.S. currency;
- 1 orange total bag, including contents of 8 baggies of green leafy substance, marijuana;

4

- 1 green tote bag, including contents of 10 baggies of green leafy substance, marijuana;
- 1 black magazine 9MM;
- 3 additional .22 caliber rounds;
- 3 additional .38 special rounds;
- 1 crossman .177 caliber air gun revolver with broken handle bearing serial number N95800571;
- 1 Kleen Bore gun cleaning kit;
- 37 additional .22 caliber rounds;
- .22 caliber starter pistol with a white handle;
- 1 revolver drum and 1 .22 caliber magazine;
- 433 rifle rounds, 283 .22 caliber rounds, and 94 32 caliber rounds;
- 1 PR-M16 4,5 MM BB gun with magazine, BBs, and CO2 cartridge;
- 1 white bucket including contents of 11 clear bags of green leafy substance, marijuana;
- 1 black bucket including contents of clear bag of green leafy substance, marijuana;
- 1 Marlin model 81-DL .22 caliber S-L-LR Rifle, not bearing any serial number;
- 1 Powerline .177 caliber BB gun, Daisey 856;
- 1 STGF00007 BB gun;
- 1 CRMA Shell type Magazine for BB gun;

## VI. A Sentence of Fourteen Years Incarceration and Five Years of Supervised Release is Appropriate.

Michael Wedington is a young man, but he has already amassed a troubling conviction history, scoring category III, and per the PSR, he has been charged with crimes at least 13 times already. The crimes in this case were committed while Wedington was on probation, meaning that he was not deterred from engaging in violence even while under Court supervision.

The nature and circumstances of the crimes Wedington committed were incredibly serious and dangerous: two men were threatened with death at gun point so that Wedington and his accomplices could steal personal property, money, and cars. Wedington's role was at least as culpable as his accomplices for both crimes. During the first robbery, carjacking, and kidnapping on June 8, 2019, Wedington was the one who set up an online account in a fictitious name to lure the victim in. This demonstrates a level of planning and premeditation, these violent crimes were not the result of impulsivity or an opportunistic reaction to a situation: Wedington

5

and went out of his way to find victims and rob them. During the second robbery and carjacking on June 10, 2019, Wedington again lured a victim to the crime, and this time, Wedington wielded a gun along with his accomplice. And there can be no doubt that Wedington was comfortable using firearms. A search of his home located hundreds of rounds of ammunition as well as a handgun in his bedroom.

As this Court knows well, robberies are incredibly traumatic experiences for victims, and this case is no exception. During a robbery, a victim's autonomy is completely subjugated to the will of the robber. Victims rightfully fear for their lives, and are utterly powerlessthey do not know what will happen to them. Beyond the emotional trauma that accompanies an armed robbery, the robberies themselves are incredibly dangerous. Victim 1 felt that he needed to take a chance and flee from the back of his own vehicle, as he was being held at gun point and driven around Baltimore City. Having seen Wedington's face, and having had his property stolen, Victim 1 thought he was going to be killed. To this day, Victim 1 and his family experience trauma and are scared to venture into parts of Baltimore City. To this day, Victim 1 believes he would have died had he not taken a risk and escaped. To this day, Victim 1 is fearful of reprisal from the two other kidnappers who were not brought to justice. The impact on the victims in this case is a paramount factor for sentencing.

The defendant's relative youth is a factor for this Court to consider, and the government sincerely hopes that the defendant rehabilitates himself and becomes a contributing member of society. However, that the defendant has amassed such a significant criminal history at his age is also noteworthy. As is the fact that the defendant committed the premeditated and violent acts in this case *while he was under court supervision.* Numerous encounters with law enforcement failed to deter Wedington from terrorizing the victims in this case. A significant sentence is needed in this case, to ensure that Wedington will not reoffend while he is incarcerated and to deter him specifically from committing future crimes. A significant sentence is also needed in this case to promote respect for the rule of law, reflect the seriousness of the offense, and promote general deterrence. People should not have to fear for their safety when visiting downtown Baltimore. Unfortunately, Victim 1 and his family likely always will. A significant sentence is needed to deter violence.

This Court should sentence Michael Wedington to **14 years imprisonment, followed by a 5-year term of supervised release.**

Respectfully submitted,

Robert K. Hur
United States Attorney

By:   <u>     /s/                 </u>
      Daniel A. Loveland, Jr.
      Matthew DellaBetta
      Assistant United States Attorneys